IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CLIFFORD MURRAY | : | CIVIL ACTION |
| | : | |
| Petitioner, | : | NO. 09-4960 |
| | : | |
| v. | : | |
| | : | |
| DAVID DIGUGLIELMO et al. | : | |
| | : | |
| Respondents. | : | |

## ORDER

AND NOW, this 26th day of April, 2013, upon careful and independent consideration of the Petition for Writ of Habeas Corpus (Dkt. No. 1), the Responses thereto (Dkt. Nos. 9,30, and 32), the state court record, and after review of the Report and Recommendation of United States Magistrate Carol Sandra Moore Wells dated January 30, 2013 (Dkt. No. 33) later Amended on February 1, 2013 (Dkt. No. 35), and Petitioner's Objections thereto (Dkt. No. 36), IT IS HEREBY ORDERED that:

    1.          Petitioner's Objections are OVERRULED[1] and the Report and Recommendation is APPROVED and ADOPTED;

---

[1]     Of the thirteen counts in Petitioner's habeas petition addressed in Magistrate Judge Carol Sandra Moore Wells' Report and Recommendation, Petitioner objects only to the recommendation that Claim One—Petitioner's claim of ineffective assistance of counsel for failing to propose points for charge stating that Petitioner could be convicted of first degree murder only if he shared the specific intent to kill with his accomplice and for failing to object to the trial court's instruction for omitting this requirement—lacks merit.

     Petitioner objects that the Report identifies only a portion of the jury instruction that the Superior Court reviewed, and not the entire instruction itself, which Petitioner alleges contains even more prejudicial and "confusing" language. As the Magistrate Judge notes, however, and as supported by the record, the Superior Court did in fact examine the entire jury instruction in making its findings. As set forth in Magistrate Judge Wells' Recommendation, the Superior Court reached its conclusion by reviewing the instruction not in isolation, but "as a whole". In considering the instruction as a whole, the Superior Court concluded that the trial court "sufficiently informed the jury that [Petitioner] must have the specific intent to kill in order to be found guilty of first-degree murder." Super. Ct. Op. 13. As the Magistrate Judge's report states:

     In addition to the portion of the charge that Petitioner challenges, the [trial] court further informed the jury that: (1) for Petitioner to be an accomplice to a crime, he had to have the intent to promote or facilitate that crime (2) Petitioner was accused of acting with the intent to promote or facilitate the commission of murder; and (3) for Petitioner to be a co-conspirator to murder, he had to act with the intent to promote or facilitate the crime of murder.

(internal citations omitted)

2.                The Petition for a Writ of Habeas Corpus is DISMISSED and DENIED, without an evidentiary hearing;

3.                A certificate of appealability is GRANTED for Claim One[2]; and

4.                Petitioner has neither shown a denial of federal constitutional right, nor established that reasonable jurists would disagree with this court's disposition of Claims Two through Thirteen.  Consequently, a certificate of appealability is DENIED for those claims. [3]

BY THE COURT:

/s/ C. Darnell Jones, II

_____

C. DARNELL JONES, II     J.

---

Although Petitioner does not explicitly state so in his objections, it appears that his argument regarding the precise language reviewed by the Superior Court is a general argument that the Superior Court acted unreasonably in making its findings.  This objection is not supported by the record and is thus meritless.

Petitioner next sets forth a variety of objections further arguing that the Superior Court's resolution of the jury instruction claim was unreasonable and that the Report and Recommendations incorrectly analyzed the Superior Court's decision.  This Court overrules these objections and adopts the recommendations of Magistrate Judge Wells.  Petitioner argues that "the court's admission that the elements of the offense were misdefined invokes due process and the precedents of the Supreme Court."  Even assuming that the elements were "misdefined" in the instruction, as addressed in the Magistrate Judge's Report, the Superior Court acted reasonably because it comported with Supreme Court precedent in evaluating the jury instructions in light of the trial record as a whole.  (R&R at 14 citing *Estelle v. McGuire*, 502 U.S. 62, 72 (1991).

The AEDPA sets forth a highly deferential standard of review, in which courts may not grant habeas relief unless there is no possibility that "fair-minded jurists could disagree" about "whether the state court's decision conflicts with [United States Supreme Court] precedents."   *Harrington v. Richter*, 131 S. Ct. 770,784-86 (2011).  Applying the foregoing standard, the AEDPA "precludes federal habeas relief" in this instance. *See id.* at 786.

Additionally, although Petitioner discussed only Claim One in detail, he raised a "salutatory objection" to the Magistrate Judge's recommendation regarding Claims Two through Thirteen and simply incorporated by reference his earlier motions.  These objections are overruled.  *See Cherry v. Wynder*, Civ. No. 05-2560, 2007 WL 983826, at *7-9 (E.D. Pa. Mar. 26, 2007) (objections that do not respond to magistrate judge's recommendation on claim, but instead repeat assertions raised in petition are properly overruled).   As such, this Court adopts the Magistrate Judge's reasoning and conclusions regarding Claims Two through Thirteen.

[2]   After determining that the Superior Court's resolution of Petitioner's claims was reasonable and that Claim One lacks merit, Magistrate Judge Wells recommended that the jurisprudential debate as set forth in *Smith v. Horn*, 120 F.3d 400 (3d Cir. 1997),  and conflicting authority in *Everett v. Beard*, 290 F.3d 500 (3d Cir. 2002) and *Priester v. Vaughn*, 382 F.3d 394, 398 (3d Cir. 2004) warrants that a certificate of appealability be issued, as reasonable jurists could debate whether the claim could have been resolved differently.  This Court agrees.