IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CLIFFORD MURRAY, : | |
|                 Petitioner, : | |
| : | CIVIL ACTION |
| v. : | NO. 09-4960 |
| : | |
| DAVID DIGUGLIELMO et al., : | |
|                 Respondents. : | |
| : | |

**Jones II,    J.**                                                                  **June 27, 2016**

**MEMORANDUM**

Pending before the Court is Petitioner's Motion to Alter or Amend Judgment pursuant to Federal Rule of Civil Procedure 60(b). (Dkt No. 50 [60(b) Pet.].) For the reasons set forth below, it is hereby ORDERED that said Motion is DENIED.

**I.    Background**

On November 15, 1983, Petitioner was convicted of first-degree murder, criminal conspiracy, and possessing an instrument of crime, related to the shooting death of Joseph Lewis Porter in Philadelphia on January 28, 1981. *Com. v. Murray*, 3236 EDA 2009, slip op. at 1-2 (Pa. Super. Ct. Nov. 3, 2011). Petitioner was sentenced to a term of life imprisonment for the murder charge and a concurrent term of five to ten years for the conspiracy and possession charges. *Id.* at 2. In 2003, Petitioner's appellate rights were reinstated and Petitioner pursued a direct appeal and an appeal under the Pennsylvania Post-Conviction Relief Act, 42 Pa. Cons. Stat. §§ 9541-46 ("PCRA").

On October 24, 2009, Petitioner filed a habeas petition. (Dkt No. 1 [hereinafter 2254 Pet.].) The matter was referred to the Honorable Carol Sandra Moore Wells, United States Magistrate Judge, for a report and recommendation ("R&R"). (Dkt No. 3.) The Magistrate Court

1

stayed the petition pending Petitioner's ongoing PCRA action. (Dkt No. 10.) Upon the conclusion of the PCRA action, the Magistrate Court removed the case from suspense and ordered the Government to respond to Petitioner's federal habeas petition. (Dkt No. 13.)

Following briefing by all parties, Magistrate Judge Moore recommended that all claims be dismissed without an evidentiary hearing. (Dkt No. 33 [hereinafter R&R].) Petitioner objected to Magistrate Judge Moore's R&R. (Dkt No. 36 [hereinafter Objs.].) On April 29, 2013, this Court overruled Petitioner's objections and adopted the R&R. (Dkt No. 38 [Order].)

Petitioner timely appealed the Court's ruling to the Third Circuit. (Dkt No. 40.) On October 24, 2014, the Third Circuit affirmed. (Dkt No. 46.) Petitioner appealed to the Supreme Court of the United States. On April 20, 2015, the Supreme Court denied Petitioner's writ. Now, pending before the Court is Petitioner's motion to grant Petitioner relief from the Court's April 29, 2013 motion pursuant to Federal Rule of Civil Procedure 60(b). Petitioner is moving for relief relating to the Court's dismissal of Claims Eight through Twelve of Petitioner's Petition.

**II.     Standard of Review**

Petitioner seeks relief under Federal Rule of Civil Procedure 60(b)(6). Pursuant to Rule 60(b)(6), "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for...any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Rule 60(b)(6) serves as the "catchall provision." *Coltec Industries, Inc. v. Hobgood*, 280 F.3d 262, 273 (3d Cir. 2002). "[T]he Rule 60(b)(6) ground for relief from judgment provides for extraordinary relief and may only be invoked upon a showing of exceptional circumstances." *Id.* (quoting *In re Fine Paper Antitrust Litig.*, 840 F.2d 188 (3d Cir. 1988)). A Rule 60(b)(6) motion must be made within a "reasonable time after the entry of the judgment or order of the date of the proceeding." Fed. R. Civ. P. 60(c).

### III. Discussion

#### a. This Motion is not a successive petition.

Under the Anti-Terrorism and Effective Death Penalty Act, in the Eastern District of Pennsylvania, petitioners seeking to present a second or successive 2254 habeas petition in district court must first file for authorization with the Court of Appeals for the Third Circuit. 28 U.S.C. § 2244(b)(3)(A). To determine whether the motion is properly considered a second or successive habeas petition, the Court should consider whether:

> The factual predicate of a petitioner's Rule 60(b) motion attacks the manner in which the earlier habeas judgment was procured and not the underlying conviction[; if so, then] the Rule 60(b) motion may be adjudicated on the merits. However, when the Rule 60(b) motion seeks to collaterally attack the petitioner's underlying conviction, the motion should be treated as a successive habeas petition.

*Pridgen v. Shannon*, 380 F.3d 721, 727 (2004). Because Petitioner has already filed, and had denied, a habeas petition, before reaching the merits of Petitioner's Rule 60(b)(6) Motion, the Court must determine whether Petitioner's Motion is a successive habeas petition.

In his 2254 Petition, Petitioner raised numerous grounds for relief alleging that Trial Counsel, Appellate Counsel, and the Trial Court had violated Petitioner's constitutional rights. (2254 Pet. at 9(b)-9(c).) The Magistrate Court held that all the claims were either procedurally defaulted or meritless and not warranting an evidentiary hearing. (R&R.) Of note for this Motion, the Magistrate Court held that Claim Eight (Trial and Appellate Counsel were ineffective for failing to preserve a challenge to race discrimination during jury selection), Claim Nine (Trial Court erred in denying Petitioner's suppression motion), Claims Ten through Twelve (Trial Court erred by allowing Petitioner's mug shot to be shown to Edwin Hernandez, Tyrone Poland's prior police statement to be introduced into evidence, and Edwin Hernandez to be questioned about his prior testimony at Petitioner's preliminary hearing), were procedurally

defaulted. (R&R at 6-8.) In his objections, Petitioner stated that he "raise[d] a salutary objection to the Report's conclusions regarding claims two through twelve." (Objs. at 7.) Petitioner provided no argument to support these objections. The Court overruled these objections, citing *Cherry v. Wynder*, 2007 WL 983826, at *7-9 (E.D. Pa. 2007), and stating that "objections that do not respond to magistrate judge's recommendation on claim, but instead repeat assertions raised in petition are properly overruled." (Order at 2 n. 1.)

Petitioner now brings a Rule 60(b) Motion to challenge the Court's Order overruling Petitioner's salutary objection to the R&R's finding that Claims Eight through Twelve were procedurally defaulted.(60(b) Pet. at 6.)

Petitioner argues that his motion is a "'true' Rule 60(b) motion as it is not a direct attack on the state conviction, but rather, an attack on the manner in which the previously filed Habeas Petition was decided." (60(b) Pet. at 5.) The Court agrees. Petitioner's Motion is not a second or successive petition. Thus, the Court can address the Motion.

### b. Petitioner's Motion was made in a reasonable time.

A motion under Rule 60(b) "must be made within a reasonable time." Fed. R. Civ. P. 60(c). Petitioner argues that the motion is timely filed because he filed it within a year of the Supreme Court of the United States' denial of a writ of certiorari of his appeal of the April 29, 2013 motion. Petitioner is mistaken about when the clock starts ticking. The one-year countdown begins from the date of the "entry of the judgment." In this case, that entry was April 29, 2013. The period of reasonableness is not tolled by an appeal. *Moolenaar v. Gov't of Virgin Islands*, 822 F.2d 1342, 1346 n. 5 (3d Cir. 1987). As such, this Motion is filed almost three years after the "entry of judgment." Such a period of delay renders this motion untimely.

However, the Court finds that the delay was nonetheless reasonable. Petitioner has clearly stated the reason for the three year delay: his mistaken assumption that an appeal tolled the time. While incorrect legally, that is understandable, logically. Given Petitioner's pro se status, the Court defers to his logic. The Court will reach the merits of Petitioner's Motion.

### c. *Martinez* cannot justify Petitioner's request for 60(b)(6) relief.

#### i. *Martinez* is not an intervening change of law.

Petitioner moves the Court for relief from the Court's dismissal of Claims Eight through Twelve. Petitioner alleges that 60(b)(6) relief is appropriate because of the extraordinary circumstances of an intervening change in law: namely, *Martinez v. v. Ryan*, 132 S.Ct. 1309 (2012). (60(b) Mot. at 8.) *Martinez* is not an intervening change of law. The Court rewinds the clock: *Martinez* was decided *prior* to the Court's Order affirming the R&R, *prior* to Petitioner's Objections, *prior* to the R&R, *prior* to Petitioner's Reply in Support of his Petition, and *prior* to the Government's Response in opposition to Petitioner's Petition. *Martinez* was decided on March 20, 2012. The R&R was published on January 3, 2013, almost a full year after *Martinez*. (R&R.)

However, pressing pause on our rewind, the Court notes that Petitioner first filed his Petition in October 29, 2009, *before Martinez*. (Dkt No. 1.) Having gone to the beginning of the story, we now replay the events in chronological order. Because the Magistrate Court stayed the Petition pending the conclusion of his PCRA Petition, and the Magistrate Court approved multiple extensions, the Government only responded to the Petition on January 7, 2013, after *Martinez*. (Dkt No. 30.) In the Government's Response to Petitioner's Petition, the Government explicitly referenced *Martinez* in its arguments that various claims of Petitioner's were procedurally defaulted. (Dkt No. 30 at 24-26.)

Most importantly, in his Reply, Petitioner, himself, directly addressed the Government's citation to *Martinez*. Petitioner wrote:

> Respondent raises the recent Supreme Court case decision at *Martinez v. Ryan*, 132 S.Ct. 1309 (2012) and several cases derived from other Circuit Courts which validates complexity and a need for further development.

(Rep. at 2.)

The R&R expressly cited *Martinez* in support of its reasoning for finding Petitioner's claims procedurally defaulted. In finding Claim Eight procedurally defaulted, the R&R stated:

> Petitioner does not allege that PCRA counsel was ineffective for failing to pursue this claim in his initial PCRA petition. *See Martinez v. Ryan*, 132 S.Ct. 1309, 1318 (2012) (holding that, in a state like Pennsylvania, which requires that claims of trial counsel ineffective assistance be deferred to PCRA proceedings, the ineffective assistance of PCRA counsel may constitute cause for the default of a claim that trial counsel was ineffective). Since it is Petitioner's burden to demonstrate cause, this court declines to consider whether PCRA counsel was ineffective in this regard.

(R&R at 6 n. 7.) In finding Claims Nine through Twelve procedurally defaulted, the Magistrate Court held that *Martinez* cannot be applied to Petitioner's claims against the Trial Court:

> *Martinez* does not apply to this procedural default, because the defaulted claim does not involve ineffective assistance of trial counsel. *See* 132 S.Ct. at 1318.

(R&R at 7 n. 10; *see also* R&R at 8 n. 12.) Petitioner failed to provide any argument regarding *Martinez* in his objections.

In conclusion, the Court first provides a correction: *Martinez* was not an intervening change in law. Petitioner had the opportunity to request to amend his Petition, to argue *Martinez* arguments in his Reply in Support of his Petition, and in his Objections to the R&R.

### ii. Even if *Martinez* was an intervening change of law, it categorically does not apply to Claims Nine through Twelve.

In *Martinez*, the Supreme Court held that "[w]here, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective

6

assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel was ineffective." *Id.* at 1320.

Petitioner's Claims Nine through Twelve all concern claims against the Trial Court. These claims do not involve ineffective assistance of counsel. *Martinez* does not apply. *See, e.g.*, *Thompkins v. Wingard*, 2015 WL 6082134, at *5 n. 10, *6 n. 12 (holding that *Martinez* could not constitute cause for default of a claim regarding trial court error); *see also Stroll v. Johnson*, 2013 WL 6074160, at *1 (3d Cir. 2013) (non-precedential) (holding that *Martinez* does not apply to a defaulted claim of judicial error); *Corbin v. Mooney*, 2016 WL 627753, at *6 (M.D. Pa. 2016) (same, citing *Stroll*); *Saunders v. Asure*, 2015 WL 7776627, at *7 (M.D. Pa. 2015) (same, citing *Stroll*);. Thus, the Court need not conduct a *Martinez* analysis around these claims.

       **iii. Even assuming that *Martinez* is an intervening change in law, the *Cox* factors also weigh against treating *Martinez* as an "extraordinary circumstance" justifying 60(b)(6) relief for Claim Eight.**

Even if *Martinez* was an intervening change in law, the Third Circuit has consistently held that "intervening changes in law *rarely* justify relief from judgments under 60(b)(6). *Cox. v. Horn*, 757 F.3d 113, 121 (3d Cir. 2014). To determine whether *Martinez* contemplates an "extraordinary circumstance" justifying Rule 60(b)(6) relief, the Court considers the following factors: (1) Whether the 60(b)(6) motion was brought within a reasonable time of the *Martinez* decision; (2) the merits of a Petitioner's underlying ineffective assistance of counsel claim which can affect whether the relief based on *Martinez* is warranted; (3) whether the conviction and initial federal habeas proceeding were only recently completed or ended years ago; and (4) Petitioner's diligence in pursuing review of his ineffective assistance of counsel claim. *Cox*, 757 F.3d at 115-16, 124-26.

First, while this Motion was brought within a reasonable period of time for a 60(b)(6) motion, it was not brought within a reasonable time of *Martinez*. *Martinez* was decided roughly four years prior to Petitioner's 60(b) Motion. Moreover, *Martinez* was decided *before* the Order in contention was ever published. This factor certainly weighs against finding that *Martinez* constitutes an "extraordinary circumstance."

Second, the application of *Martinez* to this claim would not create cause for the default of this claim. The failure of PCRA Counsel to raise an ineffective assistance of trial counsel claim in an initial-review collateral proceeding can constitute cause if (1) PCRA Counsel's failure constituted ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984), and (2) the underlying ineffective assistance of trial counsel claim is "substantial" and "has some merit." *Martinez*, 132 S.Ct. at 1319; *see also Glenn v. Wynder*, 743 F.3d 402, 409-10 (3d Cir. 2014). In this claim, the "failure" at issue is PCRA Counsel's alleged failure to preserve a challenge that Trial and Appellate Counsel were constitutionally ineffective for failing to preserve, to wit, a challenge to the prosecutor's alleged use of racial discrimination during jury selection. (Pet. at 9(c).)[1]

For his PCRA Petition, Petitioner was represented by counsel, Barnaby Wittels, Esq. and Carole L. McHugh, Esq. (collectively "PCRA Counsel"). (Pet'r's PCRA Pet., Dkt No. 30-4 at 1.) In his initial PCRA Petition, PCRA Counsel alleged this claim. (Pet'r's PCRA Pet. at 13-18.) After the Government filed its Motion to Dismiss Petitioner's PCRA Petition, PCRA Counsel

---

[1] The R&R recommended that the claim be dismissed as procedurally defaulted because it was not raised on direct appeal or during the PCRA appeal. (R&R at 6.) Further, the R&R suggested that "Petitioner does not allege that PCRA counsel was ineffective for failing to pursue this claim in his initial PCRA petition." (R&R at 6 n. 8.) Petitioner's failure to include this argument in his Petition is, of course, not surprising. *Martinez* had not been decided at the time Petitioner first filed his Petition. Petitioner should not be penalized for failing to make an argument that was not available to him at the time of his Petition. Our courts do not require parties to be fortune tellers.

filed a Response. In this Response, PCRA Counsel "withdr[ew] his ineffectiveness claim based on racially discriminatory jury selection." (Pet'r's Mem. in Opp. to Com.'s MTD, Dkt No. 30-9 at 13.) This was the only claim that PCRA Counsel withdrew. This claim was not renewed and was not raised on appeal to the Superior Court by Petitioner's new counsel, Elayne C. Bryne, Esq. (Pet'r's PCRA App., Dkt No. 30-7.)

To determine whether PCRA Counsel was constitutionally ineffective for withdrawing this claim, thus providing cause for the default, Defendant must show that (1) counsel's representations fell below an objective standard of "reasonableness under prevailing professional norms;" and (2) Defendant suffered prejudice as a result. *Strickland*, 466 U.S. at 688, 694. In assessing the effectiveness of PCRA Counsel, the Court is "required to...assume" that PCRA Counsel "made an informed judgment call that was counsel's to make" "unless the petitioner has come forward with evidence to the contrary sufficiently probative to overcome the 'strong presumption' required by *Strickland*." *Sistrunk v. Vaughn*, 96 F.3d 666, 671 (3d Cir. 1996). "Th[e] process of 'winnowing out weaker arguments on appeal and focusing on' those most likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy." *Smith v. Murray*, 477 U.S. 527, 536 (1986) (quoting *Jones v. Barnes*, 463 U.S. 745, 751-52 (1983)); *see also Tok v. Glunt*, 2016 WL 721280, at *5 (E.D. Pa. 2016) ("PCRA counsel, acting as an appellate attorney, was entitled to select those issues on collateral review that he thought most likely to succeed on behalf of his client."). Thus, the Court must presume that PCRA Counsel withdrew this claim "for tactical reasons rather than through sheer neglect." *Yarborough v. Gentry*, 540 U.S. 1, 8 (2003).

Petitioner has failed to provide any evidence to overcome this presumption. The record shows that after the Commonwealth's Motion to Dismiss, Petitioner's counsel decided to

withdraw only this one claim. In the original PCRA Petition, Petitioner provided no specifics, no factual averments, and no evidence to support this claim. Petitioner's counsel stated that this claim was based on "Petitioner's recollection." (Pet'r's PCRA Pet. at 14.) The Court presumes the record to show that after the Commonwealth's Motion to Dismiss, PCRA Counsel made a tactical decision that this claim, based only on "Petitioner's recollection," was weak and not worth pursuing. Neither Petitioner's initial federal habeas petition, nor the pending Rule 60(b)(6) Motion provide any facts, specific allegations, or evidence to overcome this presumption. Thus, the Court finds that PCRA Counsel was not constitutionally deficient for withdrawing this claim. Second, Petitioner has failed to demonstrate that the underlying ineffective assistance of counsel claim is "substantial" or has "some merit" as he continues to provide no factual support for his claim that the prosecutor's actions during jury selection were racially biased.

In conclusion, because PCRA Counsel was not deficient, *Martinez* does not provide cause for the procedural default of this claim. This second factor weighs against treating *Martinez* as an "extraordinary circumstance" justifying Rule 60(b)(6) relief.

Third, Petitioner was convicted in 1983 and the initial habeas proceeding was completed in 2013. This factor weighs heavily against reconsideration. Fourth, Petitioner has been diligent in pursuing his ineffective assistance of counsel claim. This factor weighs in favor of reconsideration.

Considered all together, the Court finds that *Martinez* does not create an "extraordinary circumstance" justifying Rule 60(b)(6) relief.

### d. Petitioner's claim of "actual innocence" cannot constitute an "extraordinary circumstance."

Petitioner alleges that Rule 60(b)(6) relief is appropriate because Claims Eight through Twelve should not have been considered procedurally defaulted due to his "actual innocence."

Petitioner cites to *Schulp v. Delo*, 513 U.S. 298 (1995). *Schlup* is certainly not an intervening change of law. But, even if the Court were to consider Petitioner's arguments under *Schlup*, Petitioner has totally failed to demonstrate that he deserves relief under its holding. Petitioner has presented no new reliable evidence. *See, e.g.*, *Schlup*, 513 U.S. at 324. Petitioner has made no showing that due to such, non-existent, new reliable evidence, it is more likely than not that no reasonable jury would have convicted him. *Id.* at 327. Petitioner's repeated recitation of his "actual innocence," without any "exculpatory scientific evidence, trustworthy eyewitness accounts, or crucial physical evidence...that was not presented at trial," does not merit reconsideration. *Id.* at 324.

### IV. Conclusion

Petitioner has presented a timely Rule 60(b) Petition that the Court considers on its merits. Having so considered, the Court finds that *Martinez* is not an intervening change in law justifying an "extraordinary circumstance" to overrule the Court's 2013 order. Further, *Martinez* is wholly inapplicable to four of the five claims that Petitioner seeks the Court to revisit. As to the one claim that *Martinez* could apply, the *Cox* factors weigh against applying *Martinez* as an "extraordinary circumstance." Finally, Petitioner's assertion of "actual innocence" does not constitute an "extraordinary circumstance" justifying Rule 60(b) relief. Therefore, Petitioner's Motion is DENIED.

BY THE COURT:

/s/ C. Darnell Jones, II
_____
C. Darnell Jones, II    J.