**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CLIFFORD MURRAY,** | : | |
| Petitioner, | : | |
| | : | |
| v. | : | **CIVIL ACTION NO.  09-4960** |
| | : | |
| **DAVID DIGUGLIELMO**, *et al.*, | : | |
| Respondents. | : | |

**MEMORANDUM**

**JONES, II  J.**                                                                                    **March 27, 2020**

*Pro se* Petitioner Clifford Murray, a prisoner in state custody serving a life term for first degree murder plus a consecutive term for related crimes, has filed a Motion for Relief from Judgment under Fed. R. Civ. P. 60(b)(6).  (*See* ECF No. 61.)  Murray seeks to reopen the judgment dismissing his Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254. Because the Motion must be deemed to be an unauthorized second or successive habeas petition over which this Court lacks jurisdiction, the Motion is dismissed.

## I.    BACKGROUND

The procedural history and factual background of Murray's conviction are fully set forth in the Report and Recommendation prepared by Magistrate Judge Sandra Moore Wells.  (ECF No. 33.)  Accordingly, the Court outlines only the information necessary to place the instant Motion in context.  Following the denial of Murray's reinstated direct appeal, he filed a petition pursuant to the Pennsylvania Post Conviction Relief Act, 42 Pa. Cons. Stat. Ann. §§ 9541–46, asserting numerous claims of trial counsel and appellate counsel ineffectiveness.  After exhausting that process, he then filed his federal habeas petition.  Magistrate Judge Wells issued a Report and Recommendation concluding that five of Murray's thirteen habeas claims were

unexhausted and procedurally defaulted.[1]  She recommended that, under the standard of review provided by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified in relevant part at 28 U.S.C. § 2254(d), the balance of Murray's claims be denied on their merits. After Murray filed objections, the Report and Recommendation was adopted and approved in an Order entered on April 26, 2013.  (ECF No. 38.)

In his current Motion, Murray seeks relief pursuant to Rule 60(b)(6).  He argues that Rule 60 relief is appropriate because the Court's decision to apply the AEDPA standard in the resolution of his habeas petition was a procedural ruling, and that if his habeas issues had instead been reviewed *de novo*, rather than under the rules set out by Congress in AEDPA, the decision concerning his ineffective assistance of counsel and jury instruction claims would have been different.  He also argues that Pennsylvania law concerning conspiracy to commit murder has changed since he was convicted.  (*See* ECF No. 61 at 2–3.)[2]

## II.    STANDARDS

### A.    Federal Rule of Civil Procedure 60

Federal Rule of Civil Procedure 60(b) provides that a court "may relieve a party or its legal representative from a final judgment, order, or proceeding" for several enumerated reasons. Subsection (6), the specific provision Petitioner relies on here, is a "catch-all provision extending beyond the listed circumstances to 'any other reason that justifies relief.'"  *Satterfield v. Dist. Attorney Philadelphia*, 872 F.3d 152, 158 (3d Cir. 2017) (quoting Fed. R. Civ. P. 60(b)(6)). "Despite the open-ended nature of the provision, a district court may only grant relief under Rule

---

[1] The unexhausted claims asserted racial discrimination in jury selection, trial court error in denying the suppression of evidence, and three claims of trial court error in admitting evidence of mug shots.  None of these unexhausted claims are the subject of the Rule 60 Motion.

[2] The Court adopts the pagination supplied by the CM/ECF docketing system.

60(b)(6) in 'extraordinary circumstances where, without such relief, an extreme and unexpected hardship would occur.'" *Satterfield*, 872 F.3d at 158 (quoting *Cox v. Horn*, 757 F.3d 113, 120 (3d Cir. 2014)). In addition, Rule 60(c) mandates that a "motion under Rule 60(b) must be made within a reasonable time." Fed. R. Civ. P. 60(c).

### B. Second or Successive Habeas Petitions

As Petitioner's Motion arises within the context of a federal habeas action, the Court must first evaluate whether the Rule 60(b) Motion is an unauthorized second or successive habeas petition. That is because AEDPA mandates that before a state prisoner may file a second or successive habeas petition in which he challenges a judgment of sentence that was previously challenged in a federal habeas proceeding, he must first obtain an order from the appropriate court of appeals authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A); *see, e.g.*, *Magwood v. Patterson*, 561 U.S. 320, 330–31 (2010); *United States v. Winkelman*, 746 F.3d 134, 135 (3d Cir. 2014); *In re Pendleton*, 732 F.3d 280, 282 (3d Cir. 2013) (per curiam). Importantly, AEDPA's allocation of "gatekeeping" responsibilities to the courts of appeals has divested district courts of jurisdiction over habeas applications that are second or successive. *See, e.g.*, *Burton v. Stewart*, 549 U.S. 147, 157 (2007) (holding that the petitioner "neither sought nor received authorization from the Court of Appeals before filing his [] petition, a 'second or successive' petition challenging his custody, and so the District Court was without jurisdiction to entertain it."). A habeas petitioner cannot avoid AEDPA's "second or successive" gatekeeping mechanism by raising habeas claims in a filing that he designates as a Rule 60(b) motion. *See* Brian R. Means, FEDERAL HABEAS MANUAL § 11:42, Westlaw (database updated May 2019) (a habeas petitioner "is not permitted to circumvent AEDPA's second or

successive petition requirements simply by labeling the petition or motion as something other than what it is.").

In *Gonzalez v. Crosby*, 545 U.S. 524 (2005), the United States Supreme Court addressed the circumstances in which utilization of Rule 60(b) would be "inconsistent with" AEDPA's second or successive petition requirements and, as a consequence, not available to a state prisoner seeking habeas relief.[3]  The Court explained that a Rule 60(b) motion must be construed as a second or successive habeas corpus application when it advances one or more "claims."  *See Gonzalez*, 545 U.S. at 531–32.  "In most cases," the Supreme Court observed, "determining whether a Rule 60(b) motion advances one or more 'claims' will be relatively simple."  *Id.* at 532.  "A motion that seeks to add a new ground for relief . . . will of course qualify."  *Id.*  The Supreme Court further instructed that a petitioner is also advancing a habeas claim in a Rule 60(b) motion if he "attacks the federal court's previous resolution of a claim on the merits, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief."  *Id.* (footnote omitted).  Similarly, a motion that seeks to present newly discovered evidence in support of a claim that was previously denied represents a habeas claim.  *Id.*

In contrast, a motion is a "true" Rule 60(b) motion if it challenges a procedural ruling made by the district court that precluded a merits determination of the habeas petition, or challenges a "defect in the integrity of the federal habeas proceedings," such as an assertion that the opposing party committed fraud upon the court.  *Id.* at 532 and n.5.

---

[3] "Rule 60(b), like the rest of the Rules of Civil Procedure, applies in habeas corpus proceedings under 28 U.S.C. § 2254 only to the extent that it is not inconsistent with applicable federal statutory provisions and rules."  *Gonzalez*, 545 U.S. at 529 (internal quotation marks, alteration, and footnote omitted).

## III.    DISCUSSION

As federal district courts lack jurisdiction to review an unauthorized second or successive habeas petition cloaked as a Rule 60(b) motion, the threshold question before the Court is whether Petitioner's Motion is a true Rule 60(b) motion, or simply a successive habeas petition with a different label.  The answer to this question is clear.

Petitioner asserts that the adjudication of his habeas issues was a procedural ruling reviewable under Rule 60 because the choice to use the AEDPA standard rather than engage in *de novo* review was procedural rather than substantive.  The Court rejects this assertion.  The use of the AEDPA standard to assess Petitioner's habeas claims is not the type of procedural ruling that can be challenged through a Rule 60 motion, as discussed by the Supreme Court in *Gonzalez*.  Rather, a Rule 60 motion will not be deemed a second or successive habeas petition only when it "asserts that a previous ruling *which precluded a merits determination* was in error—for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar."  *Gonzalez*, 545 U.S. at 532 n.4 (emphasis added); *see also Thompson v. Wydner*, No. 07-2617, 2008 WL 336311, at *5 (E.D. Pa. Feb. 1, 2008) (rejecting the petitioner's proposition that application of the AEDPA standard of review is a procedural error for which Rule 60(b)(6) provides a remedy).

The underlying arguments in Petitioner's Motion go to the merits of the Court's original adjudication of his habeas petition.  The claim identified in the Motion—ineffectiveness of counsel for failing to raise the flaws in jury instructions on first degree murder and accomplice liability—was clearly resolved on its merits under the AEDPA standard of review.  *See* 28 U.S.C. § 2254(d).  Specifically, Magistrate Judge Wells recommended that the state court's resolution of the ineffectiveness and jury instruction issues was a reasonable application of

*Strickland v. Washington*, 466 U.S. 668 (1984), because the jury instructions were correct under state law and therefore counsel could not have been constitutionally ineffective for failing to have raised objections to them. (ECF No. 33 at 13–14.) That recommendation was approved and adopted by this Court in the April 26, 2013 Order. This constituted a resolution of the claim on its merits. Judge Wells also determined on the merits that the state court's failure to cite U.S. Supreme Court law and rely instead only on state precedents did not allow Petitioner to surmount the § 2254(d)(1) bar to relief since the state court's resolution of the claim was reasonable. (*Id.* at 14.) As noted above, Petitioner's Motion asserts no argument concerning the claims that were determined to be procedurally defaulted. And finally, Petitioner does not even attempt to explain how his second claim—that the law regarding conspiracy to commit murder has changed in Pennsylvania—is appropriately raised via a Rule 60 motion.

For these reasons, Petitioner's Motion must be construed as an unauthorized second or successive habeas petition because Petitioner seeks to use Rule 60(b) to challenge his judgment of sentence. Because he has not received authorization from the Court of Appeals to file another federal habeas petition to attack that judgment, this Court lacks jurisdiction to consider those claims. An appropriate Order dismissing the Rule 60(b) Motion for lack of jurisdiction and finding no probable cause to issue a certificate of appealability follows. Petitioner's Motion for Appointment of Counsel (ECF No. 60) will also be denied. *See Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993) (stating that, in determining whether to appoint counsel, the court must first consider as a threshold matter whether the plaintiff's claim has "some merit in fact and law").

BY THE COURT:

/s/ C. Darnell Jones, II
C. Darnell Jones, II    J.